| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 20-2547-JFW(ASx)** | Date:  May 26, 2020 |

Title:   Keith Roy -v- Scholastic Book Fairs, Inc.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS:<br>None | ATTORNEYS PRESENT FOR DEFENDANTS:<br>None |
|---|---|

| PROCEEDINGS (IN CHAMBERS): | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND BACK TO STATE COURT [filed 4/6/20; Docket No. 23]; and** |
|---|---|
| | **ORDER GRANTING DEFENDANT SCHOLASTIC BOOK FAIRS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) [filed 4/16/20; Docket No. 27]** |

    On April 6, 2020, *Pro Se* Plaintiff Keith Roy ("Plaintiff") filed a Motion to Remand Back to State Court ("Motion to Remand").  On April 24, 2020, Defendant Scholastic Book Fairs, Inc. ("Defendant") filed its Opposition.  On April 28, 2020, Plaintiff filed a Reply.  On April 16, 2020, Defendant filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Motion for Judgment on the Pleadings").  On April 23, 2020, Plaintiff filed his Opposition.  On May 1, 2020, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's May 18, 2020 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

### I.    Factual and Procedural Background

    Defendant is a global children's publishing and media company, which creates and distributes educational and entertainment materials and products for use in the home and school, including children's books, magazines, technology-based products, teacher materials, television programming, videos, and toys.  Defendant employs seasonal workers at its various warehouses to assist with moving cases of books, offloading trucks, and sorting books.  Plaintiff, an African-American male, worked for Defendant as a part-time seasonal product coordinator, level

one, from September 2016 until December 21, 2016 at Defendant's Irwindale, California warehouse. Supervisor Daniel Gomez ("Gomez") hired Plaintiff and Brian Manning ("Manning"), a Caucasian male, who was also hired as a part-time seasonal product coordinator, level one, at approximately the same time.

On January 2, 2020, Plaintiff filed a Complaint against Defendant, alleging claims for: (1) discrimination on the basis of race in violation of California's Fair Employment and Housing Act ("FEHA"); (2) harassment on the basis of race in violation of FEHA; (3) whistleblower retaliation pursuant to California Labor Code § 1102.5; and (4) wrongful termination in violation of public policy. In his Complaint, Plaintiff alleges that he was not selected to return to work for subsequent seasons by Defendant because he reported unlawful activity to the Department of Justice ("DOJ"). However, Plaintiff does not allege what the unlawful activity consisted of, when he made his report to the DOJ, or whether Defendant was ever made aware of the report. Plaintiff also alleges that he believes the person who decided not to ask him to return was Branch Manager Cliff White ("White"), an African-American male. Although Plaintiff alleges that he was not selected to return for subsequent seasons, Plaintiff does not allege whether he ever applied to work in subsequent seasons or, if he did apply, when, how, and by whom he was informed that he would not be rehired.

On March 17, 2020, Defendant filed a Notice of Removal, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

## II.     Legal Standard

### A.     Motion to Remand

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B.     Rule 12(c)

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the

nonmoving party's favor.  *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

### III.  Discussion

#### A.  Plaintiff's Motion to Remand

In his Motion to Remand, Plaintiff argues that "Defendant effectively has citizenship within state, with at least **five** active branches across **five** different counties . . . spanning Southern California and Northern California, therefore subjecting Complaint to forum defendant rule with application of absurdity doctrine."  Memorandum of Points and Authorities to Motion to Remand, 1:27-2:3.  In its Opposition, Defendant argues that this action was properly removed and diversity jurisdiction exists.

Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Supreme Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.*

In this case, it is undisputed that Plaintiff is a citizen of California and that Defendant is a Delaware corporation with its principal place of business in Florida. It is also undisputed that the amount in controversy exceeds $75,000.  In fact, Plaintiff concedes that diversity jurisdiction exists and this action was properly removed to this Court.  Reply, 1:25-26 ("Plaintiff agrees case was properly removed to federal court based on straightforward interpretation of diversity jurisdiction"). Therefore, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Accordingly, Plaintiff's Motion to Remand is denied.

#### B.  Defendant's Motion for Judgment on the Pleadings

##### 1.  Plaintiff's Claim for Discrimination on the Basis of Race Fails.

In his first cause of action, Plaintiff alleges a claim for discrimination on the basis of race in violation of FEHA.  To establish claim for discrimination under FEHA, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was performing competently in the position he held; (3) he suffered an adverse employment action; and, (4) there is some other circumstance suggesting a discriminatory motive.  *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000).[1]

---

[1]  Defendant does not dispute that Plaintiff is a member of a protected class.

In this case, Plaintiff has failed to allege facts in his Complaint to establish that he was performing competently in the position he held or that he was terminated or suffered any other adverse employment action.[2] In addition, in his Opposition, Plaintiff concedes that his alleged termination resulted from "reporting all matters" to management, not because of his race. *See* Opposition, 7:27-28 ("Complaint concisely specifies that termination of employment occurred because all matters were reported to management . . . "). Moreover, Plaintiff states in his Opposition that Manning, who held the same position as Plaintiff and was Caucasian, was also allegedly not asked to work subsequent seasons.

Furthermore, to the extent Plaintiff attempts to allege a failure to hire claim, he has failed to do so. In order to establish a failure to hire claim, in addition to alleging that he is a member of a protected class, Plaintiff must allege: (1) he was qualified for the position sought; (2) he was not selected; and (3) some other circumstance suggests discriminatory motive, such as the position remained open and the employer continued to solicit applications or a non-African American was selected with inferior qualifications. *Abed v. W. Dental Servs., Inc.*, 23 Cal. App. 5th 726, 736 (2018); *see also Sada v. Robert F. Kennedy Medical Center* 56 Cal. App. 4th 138, 149 (1997). In his Complaint, Plaintiff fails to allege facts suggesting a discriminatory motive on the basis of race for Defendant's decision not to rehire him. Instead, Plaintiff concedes in his Opposition that he did not reapply to Defendant for subsequent seasons and that Manning, who held the same position as Plaintiff and was Caucasian, was also not asked to work subsequent seasons.

Finally, Plaintiff has failed to establish that he timely exhausted his administrative remedies under FEHA. In order to maintain a claim under FEHA, a plaintiff must demonstrate that he exhausted his administrative remedies for each alleged unlawful practice by filing a charge with the Department of Fair Employment and Housing ("DFEH") within one year of the date of the allegedly wrongful conduct. Cal. Gov't Code § 12960(b); *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) ("Exhaustion of administrative remedies is 'a jurisdictional prerequisite to resort to the courts'"); *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) ("in the context of the FEHA, exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts"). The last date that Plaintiff worked in his seasonal position was December 21, 2016. However, Plaintiff did not file his charge with DFEH until January 30, 2018, which is more than one year after the last day he worked. Because Plaintiff fails to allege any dates in his Complaint specifying when the conduct prohibited by the FEHA purportedly occurred, including the date Plaintiff learned that he would not be rehired, Plaintiff has failed to establish that he timely exhausted his administrative remedies.

Accordingly, Plaintiff's first cause of action for discrimination on the basis of race in violation of FEHA is dismissed. In light of Plaintiff's concessions, amendment is futile and, thus, Plaintiff's first cause of action is dismissed without leave to amend.

### 2. Plaintiff's Claim for Harassment Based on Race Fails.

---

[2] In his Complaint, Plaintiff does not allege the he was terminated. Instead, he alleges that he "was wrongfully terminated from employment ***in the form of*** disqualification from following seasons as retaliation for reporting all matters to management." Complaint, ¶ 73 (emphasis added).

In his second cause of action, Plaintiff alleges a claim under FEHA for harassment based on race.  To establish a FEHA claim for harassment based on race, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile or offensive work environment; and (5) that the employer is liable for the harassment.  *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010).  To establish the fourth element, a plaintiff must allege conduct by the employer that is so "sufficiently severe or pervasive" that it altered the terms and conditions of the workplace.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).  Whether an environment is "hostile" or "abusive" can be determined only by looking at the totality of the circumstances, which includes the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.  *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 462 (2005).

In this case, Plaintiff has failed to allege conduct "sufficiently severe or pervasive" that it altered the terms and conditions of the workplace.  In his Complaint, Plaintiff alleges that his co-worker called him "negro" in Spanish loudly across the warehouse.  However, "a mere offensive utterance or . . . a pattern of social slights by either the employer or co-employees cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment for purposes of" FEHA.  *Jones v. Dep't of Corr. & Rehab.*, 152 Cal. App. 4th 1367, 1381 (2007) (*citing Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1054 (2005)).  In addition, Plaintiff's other allegations do not constitute harassment based on race.  For example, Plaintiff alleges that there was a payroll error on his first paycheck.[3]  Moreover, even if Plaintiff's co-worker calling him a negro was "sufficiently severe or pervasive" to alter the terms and conditions of the workplace, Plaintiff has failed to allege that the harassment unreasonably interfered with his work performance.  Finally, as discussed above, Plaintiff has failed to establish that he timely exhausted his administrative remedies under FEHA.

Accordingly, Plaintiff's second cause of action for harassment based on race in violation of FEHA is dismissed, and because amendment is futile, Plaintiff's second cause of action is dismissed without leave to amend.

### 3.     Plaintiff's Claim for Whistleblower Retaliation Fails.

In his third cause of action, Plaintiff alleges a claim for whistleblower retaliation in violation of California Labor Code § 1102.5.  In order to establish a claim of whistleblower retaliation under California Labor Code § 1102.5, a plaintiff must allege: (1) the existence of an employer-employee relationship; (2) that the employer believed that the plaintiff had disclosed, or might disclose certain information, to a government agency, law enforcement agency, or person with authority over the plaintiff, or an employee with authority to investigate, discovery, or correct legal violations; (3) the plaintiff had a reasonable belief that the information disclosed was a violation of a state or federal

---

[3]  In addition, Plaintiff alleges that Defendant's Branch Secretary was at work on orientation day, even though he had told Plaintiff that he would not be there.  Plaintiff also alleges that one of his paychecks was opened by a supervisor "in unmistakable fashion, proven by the specific angle [his supervisor] handed the paycheck to Plaintiff."

statute, a violation of a local, state, or federal rule or regulation; (4) the plaintiff's disclosure of information was a contributing factor in the employer's decision to discharge or subject plaintiff to adverse employment action; (5) the plaintiff was harmed; and (6) the employer's conduct was a substantial factor in causing the plaintiff's harm. *See Hansen v. Cal. Dep't of Corrs. & Rehab.*, 171 Cal. App. 4th 1537, 1546 (2008); *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1348, 1384 (2005).

In this case, although Plaintiff alleges that he reported illegal activity to the DOJ, Plaintiffs fails to allege the nature of the purported illegal activity, when he made that report, whether anyone at Defendant knew of Plaintiff's report to the DOJ, or that his report of illegal activity was the reason he was not rehired.

Accordingly, Plaintiff's third cause of action for whistleblower retaliation in violation of California Labor Code § 1102.5 is dismissed, and because amendment is futile, Plaintiff's third cause of action is dismissed without leave to amend.

### 4. Plaintiff's Claim for Wrongful Termination Fails.

In his fourth cause of action, Plaintiff alleges a claim for wrongful termination in violation of public policy. To establish a cause of action for wrongful termination in violation of public policy, the plaintiff must allege: (1) an employer-employee relationship; (2) that the employer terminated plaintiff's employment; (3) that the termination of plaintiff's employment was a violation of public policy (*i.e.*, the employee was terminated for engaging in protected activity); (4) the termination was a legal cause of plaintiff's damage; and (5) the nature and the extent of plaintiff's damage. *Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426 (1993).

In his Complaint and Opposition, Plaintiff admits he was not terminated, but simply not rehired for subsequent seasons and that the failure to rehire him was based on Plaintiff "reporting all matters to management."[4] However, Plaintiff fails to allege the nature of the "matters" he reported to management and, thus, Plaintiff has failed to allege that reporting those matters was a protected activity.

Accordingly, Plaintiff's fourth cause of action for wrongful termination in violation of public policy is dismissed and because amendment is futile, Plaintiff's fourth cause of action is dismissed without leave to amend.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's Complaint is **DISMISSED without leave to amend**, and this action is **DISMISSED with prejudice**.

IT IS SO ORDERED.

---

[4] In addition, as discussed above, Plaintiff admits that he never reapplied to Defendant to work in subsequent seasons.